DAVID J. BEAUVAIS (SB #84275)
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 517-1348
Facsimile:  n/a
Email: davebeau@pacbell.net

Attorney for Plaintiffs
STEPHANIE TEJADA-OTERO and
LLOYD BERNARD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE TEJADA-OTERO and LLOYD BERNARD,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF TRACY; FABIOLA HERNANDEZ in her individual capacity as a police officer of the City of Tracy; YORDAN COSS in his individual capacity as a police officer of the City of Tracy, and DOES 1 through 20,<br><br>　　　　Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br>[42 U.S.C 1983] |

　　Plaintiffs allege:

### I. INTRODUCTION

1.  This is a civil rights action arising from unconstitutional and unlawful actions taken by the City of Tracy Police Department, and Officers Fabiola Hernandez, Yordan Coss and DOES 1 through 10 at a Walmart store in Tracy, California beginning on July 3, 2019 and into the early morning hours of July 4, 2019.

1

## II. VENUE

2.  The claims alleged herein arose in San Joaquin County, California.  Venue properly lies in this District.

## III. THE PARTIES

3.  Plaintiffs are competent adults residing in the County of San Joaquin, California.

4. Defendant City of Tracy is a local public entity organized under the laws of the State of California.

5. Each of the named individual Defendants is a police officer employed by the City of Tracy, and acted in the scope or course of his or her employment in doing the things complained of herein, and acted under color of law in violating the rights of the Plaintiffs.

6.  Plaintiffs do not know the true names and capacities of the defendants sued herein as DOES 1 through 20. Plaintiffs are informed and believe and on that basis allege that said DOES are each responsible in some manner for the injuries Plaintiffs sustained herein and that each of the defendants is the copartner and/or joint venturer, manager, agent, servant, or employee of the others in doing the acts complained of herein, and acted within the scope of that agency or employment. Plaintiffs will amend their complaint to allege the identities of the DOES when ascertained.

7.  Plaintiffs are informed and believe, and on that ground allege that at all times mentioned herein, each of the defendants was the manager, agent, employee, copartner and/or joint venturer of each other defendant, and in doing the things herein alleged, acted within the purpose and scope of said agency, employment, co partnership and/or in furtherance of such joint venture and such acts were consented to and ratified by each other defendant.

8. In doing the acts alleged herein, the individual defendants named fictitiously as "DOES" in this complaint, and each of them was on duty as police officers in uniform, armed, carrying badges and thus, were acting within the scope and course of their employment with the

City of Tracy.

9. In doing the acts alleged herein, defendants and each of them had a duty to protect the health and safety of the plaintiff and they failed to exercise due care in the enforcement of that duty.

### IV. FACTS

10. Plaintiff Tejada-Otero waited with her purchases to use the self-service checkout counter, Plaintiff Bernhard left to go to a different part of the store and agreed to meet back up with Tejada-Otero when he was done. After Bernhard left, an unknown male riding a Walmart electronic grocery cart with store items in his basket pushed in front of Tejada-Otero in the line. Tejada-Otero told the man in a cordial tone of voice "It's fine. You go in front of me." The man then loudly responded, "What did you say stupid bitch?" Tejada-Otero said "excuse me" as the man leaves the check-out area without paying for his items. Tejada-Otero then pulls out her phone to record the man as he moves toward the exit. The man then grabs a stationary cart and shoves into Tejada-Otero's knee. Tejada-Otero pushed the card in the direction of the fleeing unknown who grabs the cart and pushes it toward another customer where it strikes her on the arm.

11. The man leaves the store, packs his stolen property into his car, and drives away.

12. Tejada-Otero walked over to the customer to make sure she was ok, and then met up with Plaintiff Bernhard at the self-checkout area.

13. Plaintiffs waited for police to arrive to make a report of the incident. Defendant Coss was the first to arrive. He asked her in cordial manner to tell him what had happened. Tejada-Otero suggested that he speak first with the other customer who had been injured, and when he was done taking that statement, he could come back and talk to her. At all times, Tejada-Otero believed that she was a victim of an assault waiting to tell her story.

14. While waiting for Coss to return, Defendant Hernandez entered the store and came over to stand by Plaintiffs. She asked Tejada-Otero questions about what happened. Tejada-Otero declined to speak to Hernandez, and to avoid any confusion, she told Hernandez that

she would wait for Coss. Tejada-Otero did not feel comfortable because Hernandez displayed attitude from the minute she arrived. Even so, nothing that Hernandez did or said suggested that she was detained, but when Tejada-Otero stood up from the cart she was sitting on to stretch her legs, Hernandez asked where she was going. She questioned Bernhard in a similar manner when he started to walk around. Neither Plaintiff had any reason to believe they were detained.

15. Hernandez then grabbed Tejada-Otero's sweater and reached for her neck. Bernhard interceded, placing himself between Tejada-Otero and Hernandez with his arms outstretched. Coss then ran over and body-slammed Tejada-Otero to the floor. She landed on her stomach. Coss cuffed her. Hernandez and Coss put Bernhard up against the wall and cuffed him. Both Plaintiffs were taken outside to patrol cars and given citations for 148 PC. Charges against them were dismissed at arraignment.

### V. FIRST CAUSE OF ACTION
### Violation of 42 U.S.C. 1983

16. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15 of this Complaint.

17. In doing the acts complained of herein, Defendants acted under color of law.

18. In doing the acts complained of herein, the City of Tracy, each of the named Defendants, and each of the Doe Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments by falsely arresting them and using excessive force to accomplish the arrests.

19. As a direct and proximate result of Defendants' actions, Plaintiffs suffered physical harm, emotional harm, distress, and humiliation in an amount within the jurisdiction of this Court.

20. In doing the acts described herein, the named individual Defendants, and Does 1 through 20 acted with malice and oppression, entitling Plaintiffs to an award of punitive damages in accordance with proof.

21. At the time of the incident alleged herein, the City of Tracy had unconstitutional policies and practices which caused injuries to Plaintiffs including, but not limited to, a failure to train its officers to use reasonable force and to make arrests only when there is probable cause.

## VI. JURY TRIAL DEMAND

22. Plaintiffs demand a jury trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For compensatory damages against each defendant in accordance with proof;

2. For punitive damages against each of the named individual Defendants and Does 1 through 20 in accordance with proof:

3. Reasonable attorney's fees pursuant to 42 U.S.C 1988;

4. Costs of suit; and

5. Such other and further relief as the court deems appropriate.

Dated:  July 3, 2021

                        /s/ David J. Beauvais
                        DAVID J. BEAUVAIS
                        Attorney for Plaintiffs
                        STEPHANIE TEJADA-OTERO and
                        LLOYD BERNHARD